## P. Sheeran & Co. v. Kampf, et al,

(Decided April 18, 1911.)

### Appeal from Breckinridge Circuit Court.

Railroad Ties—Action for—Number substantially Agreed on.—In this action to recover for railroad ties which were piled in ricks at a railroad station and which had been repeatedly counted and the number substantially agreed on. Held that there is nothing in the record to show that the lower court erred in the judgment rendered and it is therefore affirmed.

CLAUDE MERCER for appellant.

MURRAY & MURRAY, JOHN P. HASWELL, JR., and CHAS. H MOORMAN for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

The Madisonville, Hartford & Eastern Railroad Company is an appellee with Kampf. Appellant entered into a contract with the railroad company whereby it sold the railroad company thirty thousand ties. After the contract was made, F. R. Dowell, as agent for appellee, Kampf, made an agreement with Sheeran & Co to the

effect that Kampf's ties were to go in on the contract to the railroad company. Kampf was to get the same price for his ties that the railroad company paid appellant, 50c per tie for the first class and 25c per tie for the second class. Dowell was to deliver the ties to the railroad company, after Kampf delivered them at Harned, Kentucky, and receive the pay for them when the railroad company paid appellant, and it was agreed that Kampf was to be paid for the ties according to the railroad company's inspection of them. The first two inspections were made by one Likens, who received something over 4,000 ties each time. These inspections included some of appellee Kampf's ties and also some purchased from other persons. Sheeran & Co. gave Kampf's agent a check for $750, and the agent complained at the time he received it, stating that it was not sufficient to cover the purchase price of the ties which Kampf had delivered and which had been furnished to the railroad company in the two inspections mentioned. This objection was made known to the inspector of the railroad company and he agreed to straighten it up on the next inspection. A man by the name of Vickers made the other inspections for the railroad company. Appellee received only one check in payment of his ties and it was for $1,105. A statement was delivered to appellee's agent at the same time the check was, to the effect that it was in payment of 2,200 first-class ties and 20 second-class ties, and the agent again complained because, as he claimed, the check was not for enough to cover the purchase price of the ties which the railroad company had received. Sheeran & Co. afterwards concluded they had not paid appellee for all of his ties they had received and offered him $159 more which he refused to accept.

Kampf brought this action for the balance due him, alleging it to be $453.25. He also alleged that he delivered 4,618 first-class cross ties at Harned, Kentucky, which were received by Sheeran & Co. and delivered to and accepted by the railroad company; that he received only the sums named and that there was the sum of $453.25 due him. Sheeran & Co. denied the allegations of the petition, and, in effect, stated that if his ties were delivered to it, the railroad company had received them, but had not paid for them by $294.25. The railroad company denied this. The proof was heard and the lower court ren-

dered a judgment for the sum of $453.25 in behalf of appellee, the amount claimed, against Sheeran & Co. alone, and dismissed Sheeran & Company's cross action against the railroad company.

These ties were in ricks at Harned, Kentucky, when this trouble arose and remained there until after all the proof was taken. Appellee had the counts kept by each of his haulers and they showed that, all together, there were something over 4,800 ties. His agent, Dowell, and he counted the ties two or three times and testified that there were over 4,700. The witnesses, John Butler, J. H. Whitworth, Albert Webster and John Payne testified that they made a careful count of the ties after the railroad company's inspector had counted, spotted and received them; that they counted only the ties he had spotted and they counted something over 4,700 at Harned, 4,600 of which, or more, were first-class ties. These witnesses, as well as Dowell and appellee, each had a book and kept the count as made at the time. Six witnesses practically agree as to the number of ties that were on the ground and spotted by the inspector and they are not contradicted to any extent. The testimony of these and other witnesses shows that the railroad company has received that many ties of the value claimed, and there is nothing to contradict the fact that Kampf has only received the amount alleged by him and that there is due him the amount sued for. There is some doubt, however, as to whether appellant or the railroad company should pay him. The parties, it seems, did not exert themselves to ascertain which of them owed him. The witnesses for the railroad company testified that they received from P. Sheeran & Co. under the contract, 29,000 first-class ties at 50c per tie, and 715 second-class ties at 25c per tie, and paid the full amount to Sheeran & Co. This was not expressly denied. As stated, these purchases included the ties of Kampf and many other persons. Sheeran & Co. had it in their power to show from their books what ties they received from Kampf and furnished the railroad company, but they failed to introduce any testimony of this kind. So, we have a case where it is shown positively that Kampf furnished so many ties and that either appellant or the railroad company owes him a balance on his account. The lower court determined that the railroad company had paid appellant and that appellant should pay Kampf, and there is noth-

ing in the record to show that the lower court erred in so determining. This litigation should never have been instituted, as the ties were on the yard at Harned at the time it was brought and remained there for some time afterwards and could have been easily counted which would have shown who was in the wrong.

For these reasons, the judgment of the lower court is affirmed.